Ct

FILED

MAR 04 2010
Mar 04 2010
Judge Bl... ...ning
United ...urt

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 09 CR 0432 |
| vs. | ) | Judge Blanche M. Manning |
| | ) | |
| ALFRED ALLEN | ) | |

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant ALFRED ALLEN, and his attorney, JERRY D. BISCHOFF, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(C) and Rule 11(c)(1)(B), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2. The information in this case charges defendant with distributing a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

3. Defendant has read the charge against him contained in the information, and that charge has been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crime with which he has been charged.

### Charge to Which Defendant is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the information. The information charges defendant with knowingly and intentionally

distributing a controlled substance, namely, a quantity of mixtures and substances containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance, in violation of 21 U.S.C. § 841(a)(1).

**Factual Basis**

6. Defendant will plead guilty because he is in fact guilty of the charge contained in the information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt and relevant conduct beyond a reasonable doubt:

On or about June 27, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, defendant knowingly and intentionally distributed a controlled substance, namely, a quantity of mixtures and substances containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

More specifically, on June 27, 2005, defendant spoke to an individual who, unbeknownst to defendant, was cooperating with the government (hereinafter "CS-2"). During this conversation, defendant agreed to sell CS-2 sixty grams of heroin later that day at the Kentucky Fried Chicken, located at 1144 S. Western Avenue in Chicago (the "KFC"). Several hours later, defendant met CS-2 at the KFC and gave CS-2 a large packet that contained approximately 55.6 grams of heroin in exchange for $6,000 in United States Currency.

7. Defendant also acknowledges that for the purpose of computing his sentence

under the Sentencing Guidelines, the following conduct, to which he stipulates, constitutes relevant conduct under Guideline §1B1.3:

On or about June 17, 2004, defendant spoke to an individual who, unbeknownst to defendant, was cooperating with the government (hereinafter "CS-1"). During this conversation, defendant agreed to supply CS-1 with a sample of heroin in the basement of CS-1's home. Later that day, defendant met with CS-1 in the basement of CS-1's home and gave CS-1 a $20 tin-foil packet containing approximately .1 gram of heroin in exchange for $10 in United States Currency; CS-1 owed defendant an additional $10 for the heroin.

On or about June 24, 2004, defendant spoke to CS-1. During this conversation, defendant agreed to sell CS-1 seven grams of heroin later that day in CS-1's basement. Several hours later, defendant met with the CS-1 in CS-1's basement and gave CS-1 seven packages that contained a total of approximately 6.9 grams of heroin in exchange for $770 in United States Currency.

On or about June 30, 2004, defendant spoke to CS-1. During this conversation, defendant agreed to sell CS-1 another seven grams of heroin outside of CS-1's home. Defendant met with CS-1 in defendant's car in front of CS-1's home and gave CS a small packet that contained approximately 7.0 grams of heroin in exchange for $770 in United States Currency.

On or about July 15, 2004, defendant spoke with CS-1. During this conversation, defendant agreed to sell CS-1 fourteen grams of heroin later that day out side of CS-1's

home. Defendant met with CS-1 in defendant's car and during the course of driving around, and gave CS-1 a large packet that contained approximately 13.8 grams of heroin in exchange for $1,540 in United States Currency. Defendant then drove CS-1 back to CS-1's home.

On or about September 29, 2005, defendant spoke with CS-2. During this conversation, defendant agreed to sell CS-2 fifty grams of heroin later that day at the Kentucky Fried Chicken, located at 1144 S. Western Avenue in Chicago (the "KFC"). Several hours later, defendant met CS-2 at the KFC, entered CS-2's car, and gave CS-2 a packet that contained approximately 49.5 grams of heroin.

8. The foregoing facts are set forth solely to assist the court in determining whether a factual basis exists for defendant's plea of guilty, and are not intended to be a complete or comprehensive statement of all the facts within defendant's personal knowledge regarding the charged crime and related conduct.

**Maximum Statutory Penalties**

9. Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

a. A maximum sentence of 20 years' imprisonment. This offense also carries a maximum fine of $1,000,000. Defendant further understands that the judge also shall impose a term of supervised release of three years to life.

b. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

## Sentencing Guidelines Calculations

10. Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

11. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2008 Guidelines Manual.

b. **Offense Level Calculations.**

i. The base offense level for the charge in the information is 26, pursuant to Guideline §§1B1.3, 2D1.1(a)(3), and 2D1.1(c)(7) because the offense and relevant conduct involved at least 100 grams but less than 400 grams of heroin. However the position of the government is that the defendant is a career offender under Guideline § 4B1.1(b)(C) and that therefore the base offense level is level 32.

ii. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

iii. In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c. **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal 15. However, defendant is a career offender based upon two or more convictions for a crime of violence or a controlled substance offense as set forth in subsections i., iv., and v. below. Therefore, pursuant to Guideline § 4B1.1(b), defendant's criminal history category is VI:

i. On or about June 20, 1990, defendant was convicted in the Circuit Court of Cook County in case number 90CR13453 of possession with intent to deliver a controlled substance and sentenced to 30 months probation. On or about August 3, 1992, defendant was found to have violated his probation and sentenced to three years custody in the IDOC. Pursuant to Guideline § 4A1.1(a), defendant receives 3 criminal-history points for this sentence.

ii. On or about August 3, 1992, defendant was convicted in the Circuit Court of Cook County in case number 92CR16233 of possession of a controlled substance and sentenced to three years' imprisonment. Pursuant to Guideline § 4A1.1(a), defendant receives 3 criminal-history points for this sentence.

iii. On or about November 19, 1993, defendant was convicted in the Circuit Court of Cook County in case number 93CR23400 of possession of a controlled substance and sentenced to 30 months probation. On or about April 21, 1994, defendant was found to have violated his probation and was sentenced to four years custody in the IDOC. Pursuant to Guideline § 4A1.1(a), defendant receives 3 criminal-history points for this sentence.

iv. On or about April 21, 1994, defendant was convicted in the Circuit Court of Cook County in case number 94CR8906 of possession with intent to deliver a controlled substance and sentenced to four years' imprisonment concurrent with the

sentence imposed on case number 93-23400. Pursuant to Guideline § 4A1.1(a), defendant receives 3 criminal-history points for this sentence.

v. On or about June 6, 1996, defendant was convicted in the Circuit Court of Cook County in case number 95CR27763 of delivery of a controlled substance and sentenced to six years' imprisonment. Pursuant to Guideline § 4A1.1(a), defendant receives 3 criminal-history points for this sentence.

vi. The position of the government is that based upon the convictions set forth in subparagraphs i., iv., and v. above, defendant is a career offender pursuant to Guideline § 4B1.1 because he has at least two prior felony convictions for controlled substance offenses. Accordingly, the defendant's criminal history category is VI and the defendant's offense level is 32.

d. **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 23 following an adjustment for acceptance of responsibility pursuant to Guideline §3El.1. This is lower than the offense level of 29, applicable to defendant as a career offender pursuant to Guideline § 4B1.1(b)(C) based on a statutory maximum of twenty years' imprisonment following an adjustment for acceptance of responsibility pursuant to Guideline §3El.1. Therefore, the offense level of 29 applies, which, when combined with the anticipated criminal history category of VI, results in an anticipated advisory Sentencing Guidelines

range of 151-188 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

e. Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature and based on facts known to the parties as of the time of this Plea Agreement. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

f. Both parties expressly acknowledge that while none of the Guideline calculations set forth above are binding on the Court or the Probation Office, the parties have agreed pursuant to Fed. R .Crim. P. 11(c)(1)(B) that certain components of those calculations – specifically, those set forth above in subparagraphs b, c, and d of this paragraph – are binding on the parties, and it shall be a breach of this Plea Agreement for either party to present or advocate a position inconsistent with the agreed calculations set forth in the identified subparagraphs.

g. Defendant understands that with the exception of the Guideline provisions identified above as binding on the parties, the Guideline calculations set forth

above are non-binding predictions, upon which neither party is entitled to rely, and are not governed by Fed. R. Crim. P. 11(c)(1)(B). Errors in applying or interpreting any of the Sentencing Guidelines (other than those identified above as binding) may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

**Cooperation**

12. Defendant agrees he will fully and truthfully cooperate with the United States Attorney for the Northern District of Illinois in any matter in which he is called upon to cooperate. This cooperation shall include providing complete and truthful information in any investigation and pre-trial preparation and complete and truthful testimony in any criminal, civil or administrative proceeding. Only the United States Attorney for the Northern District of Illinois may require defendant's cooperation pursuant to this Plea Agreement.

**Agreements Relating to Sentencing**

13. At the time of sentencing, the government shall make known to the sentencing judge the extent of defendant's cooperation. If the government determines that defendant has continued to provide full and truthful cooperation as required by this plea agreement, then

the government shall move the Court, pursuant to Guideline §5K1.1, to depart from the applicable Guideline range and to impose the specific sentence agreed to by the parties as outlined below. Defendant understands that the decision to depart from the applicable Guidelines range rests solely with the Court.

14. If the government moves the Court, pursuant to Sentencing Guideline §5K1.1, to depart from the applicable Guideline range, as set forth in the preceding paragraph, this Agreement will be governed, in part, by Federal Rule of Criminal Procedure 11(c)(1)(C). That is, the parties have agreed that the sentence imposed by the Court shall include a term of imprisonment in the custody of the Bureau of Prisons of 50 percent of the low-end of the applicable Guideline range. Other than the agreed term of incarceration, the parties have agreed that the Court remains free to impose the sentence it deems appropriate. If the Court accepts and imposes the agreed term of incarceration set forth, defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(d) and (e). If, however, the Court refuses to impose the agreed term of incarceration set forth herein, thereby rejecting this plea agreement, or otherwise refuses to accept defendant's plea of guilty, either party has the right to withdraw from this plea agreement.

15. If the government does not move the Court, pursuant to Sentencing Guideline §5K1.1, to depart from the applicable Guideline range, as set forth above, this plea agreement will not be governed, in any part, by Federal Rule of Criminal Procedure 11(c)(1)(C), the preceding paragraph of this plea agreement will be inoperative, and the Court shall impose

a sentence taking into consideration the factors set forth in 18 U.S.C. § 3553(a) as well as the Sentencing Guidelines without any downward departure for cooperation pursuant to §5K1.1. Defendant may not withdraw his plea of guilty because the government has failed to make a motion pursuant to Sentencing Guideline §5K1.1.

16. The parties further agree, pursuant to Title 18, United States Code, Section 3583(d), that the sentence to be imposed by the Court shall include, as a condition of any term of supervised release imposed in this case, a requirement that defendant repay the United States $9,100 as compensation for government funds that defendant received during the investigation of the case.

17. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

**Presentence Investigation Report/Post-Sentence Supervision**

18. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing, including the nature and extent of defendant's cooperation.

19. Defendant agrees to truthfully and completely execute a Financial Statement

(with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

20. For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

**Acknowledgments and Waivers Regarding Plea of Guilty**

**Nature of Plea Agreement**

21. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 09 CR 0432.

22. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

**Waiver of Rights**

23. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. **Right to be charged by indictment.** Defendant understands that he has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives his right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that he has been prosecuted by way of information.

b. **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charge against him, and if he does, he would have the right to a public and speedy trial.

i. The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi. At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

c. **Waiver of appellate and collateral rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742 affords a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, if the government makes a motion at sentencing for a downward departure pursuant to Sentencing Guideline § 5K1.1 and 18 U.S.C. § 3553(e), defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the

maximums provided by law, and including any order of restitution or forfeiture, in exchange for the concessions made by the United States in this Plea Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, the manner in which the sentence was determined, and his counsel's alleged failure or refusal to file a notice of appeal, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation, nor does it apply to a request by defendant pursuant to Sentencing Guideline § 1GB1.10 and 18 U.S.C. § 3582(c)(2) for a reduction of sentence as a result of an amendment to the Sentencing Guidelines applicable to defendant and expressly made retroactive by the United States Sentencing Commission.

d. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

**Other Terms**

24. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

25. Defendant understands that the government has the right to seek defendant's truthful testimony before a grand jury or a district court.

**Conclusion**

26. Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

27. Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

28. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

29. Defendant acknowledges that he has read this Plea Agreement and carefully

reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 12/10/09

PATRICK J. FITZGERALD
United States Attorney

ALFRED ALLEN
Defendant

MICHAEL O. LANG
Assistant U.S. Attorney

JERRY D. BISCHOFF
Attorney for Defendant