**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | **No. 09 CR 432** |
| **ALFRED ALLEN** | ) | **Hon. John J. Tharp, Jr.** |

**MOTION FOR**
**TERMINATION OF SUPERVISED RELEASE**

Now Comes the Defendant, ALFRED ALLEN, by his attorney, JERRY D. BISCHOFF, and moves this Honorable Court for an order for early termination of supervised release. In support thereof, Defendant states as follows:

1. Under 18 U.S.C. § 3583(e)(1), a court may terminate an offender's term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice." Such early terminations may occur even in cases where a statute originally required the sentencing court to impose a term of supervised release in excess of one year.
2. On or about March 4, 2010, Alfred Allen entered a plea of guilty before the Honorable Judge Blanche Manning to a one count information charging him with a violation of 21 U.S.C. § 841 charging him with knowingly distributing a controlled substance;
3. On January 13, 2011, Mr. Allen was sentenced to seventy-five months (75) in the Bureau of Prisons by the Honorable Judge Blanche Manning. The sentence included a period of three (3) years mandatory supervised release;
4. Mr. Allen served his prison sentence without incident. He was released from the BOP on January 17, 2017. Since then, Mr. Allen has complied with all conditions of supervised release. His term of mandatory supervised release is scheduled to terminate on or about January 17, 2020;
5. Mr. Allen is now 53 years old. He is currently working full-time at Disparti Law Group as a field representative. He has a wonderful relationship with his four children as well as his grandchildren;

6. Mr. Allen is also enrolled at Kennedy King College. He has been attending Kennedy King since August of 2017. He is studying addiction studies and social work;

7. In addition, Mr. Allen is a member of New Life Convenant Church and he is working towards getting ordained in the ministry. He also attends The Church of Israel on Saturday mornings, where he is studying the Old Testament;

8. Counsel has spoken with Mr. Allen's probation officer, Alicia Sturgess, and she has no objection to early termination;

9. "Congress intended supervised release to assist individuals in their transition to community life"; therefore, "supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). Yet, unlike parole, offenders do not serve terms of supervised release as a substitute for a portion of their sentences of imprisonment. *See* USSG, Ch.7, Pt.A(2)(b) ("Unlike parole, a term of supervised release does not replace a portion of the sentence of imprisonment, but rather is an order of supervision in addition to any term of imprisonment imposed by the court." Furthermore, "[s]upervised release departed from the parole system it replaced by giving district courts the freedom to provide post release supervision for those, and only those, who need[] it." *See Johnson*, 529 U.S. at 709.8 Like federal probationers, offenders on supervised release are subject to the jurisdiction of federal courts, are monitored by federal probation officers, and they also are typically subject to the same types of conditions. Indeed, the authorized conditions for supervised release are generally the same ones as probation. *See* 18 U.S.C. §§ 3563(b), 3583(d).9 But, "[s]upervised release, in contrast to probation, is **not a punishment** in lieu of incarceration" *United States v. Granderson*, 511 U.S. 39, 50 (1994)10 and, moreover, **supervised release is primarily concerned with "'facilitat[ing] the reintegration of the defendant into the community.'"** [1]

---

1 *United States v. Vallejo*, 69 F.3d 992, 994 (9th Cir. 1995) (quoting USSG §5D1.1 comment. (n.2) (Nov. 1992)). "[T]he basic purpose of probation [is] . . . to provide an individualized program offering a young or unhardened offender an opportunity to rehabilitate himself without institutional confinement under the tutelage of a probation official and under the continuing power of the court to impose institutional punishment for his original offense in the event that he abuses this opportunity." *Roberts v. United States*, 320 U.S. 264, 272 (1943). The primary purpose of supervised release — to facilitate the reintegration of federal prisoners back into the community — is similar to the purpose of the Second Chance Act of 2007 (Pub. L. No. 110–199), which was intended to "reduce recidivism, increase public safety, and help state and local governments better address the growing population of ex-offenders returning to their communities." H.R. Rep. No.110–140 (2007). The Second Chance Act focuses on "development and support of programs that provide alternatives to incarceration, expansion of the availability of substance abuse

10. Mr. Allen is rehabilitated. There is no sound policy reason for continuing supervised release in this case.

WHEREFORE, based on the foregoing, Defendant, Alfred Allen, requests that this Honorable Court enter an order terminating his mandatory supervised release *instanter*.

Respectfully submitted,

s:/Jerry D. Bischoff
Jerry D. Bischoff

Jerry D. Bischoff
Attorney at Law
35 E. Wacker Drive
Suite 650
Chicago, IL 60601
(312) 853-2167

treatment, strengthening families of ex-offenders, and the expansion of comprehensive re-entry services." Id. "The goal of [the prison re-entry] initiative is to help America's prisoners by expanding job training and placement services, improving their ability to find transitional housing, and helping newly released prisoners get mentoring, including from faith-based groups." Pub. L. No. 110–199, Statement by President George W. Bush Upon Signing, as reprinted in, 2008 U.S.C.C.A.N. S10. "In this Act, the Congress has directed a shift from policing those on parole to rehabilitating them.

## CERTIFICATE OF SERVICE

I hereby certify that foregoing Defendant ALFRED ALLEN'S Motion to Terminate Supervised Release was served on October 21, 2018, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

**s/ Jerry D. Bischoff**
**JERRY BISCHOFF**
35 East Wacker Drive, Suite 650
Chicago, Illinois 60601
(312) 853-2167